IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| FARHAN MOHAMMED, | : | Case No.  2:05 CV 468 PGC |
| Plaintiff, | : | |
| vs. | : | **ORDER AND MEMORANDUM DECISION** |
| CLARKE AMERICAN, | : | |
| Defendant. | | Judge Paul G. Cassell |
| | | Magistrate Judge Brooke C. Wells |

Plaintiff, Farhan Mohammed *pro se*, has filed a Motion to Quash Subpoena.  Mohammed brought this action against Defendant, Clarke American, alleging violations of Title VII of the Civil Rights Act of 1964.  Defendant seeks tuition reimbursement records from the Clara Abbot Foundation and argues that they "are directly relevant to Plaintiff's credibility as a witness and may be used to impeach Plaintiff at trial."[1]  Plaintiff argues (i) that this is a discrimination case so the documents are not relevant; (ii) Clara Abbot is not a party in this case and the documents Defendant has subpoenaed "do not serve any purpose in

---

[1]  Def.'s Op. p. 2.

Clarke Americans defense in this case;"[2] (iii) the scholarship documents are unrelated to this case; and (iv) "Clarke American is demanding disclosure of privileged or other protected matter."[3]

The court disagrees with Mohammed and DENIES his Motion to Quash.

At the outset the court must first decide whether Plaintiff has standing to challenge the subpoena at issue.[4]  Generally, only the party to whom a subpoena is directed may seek to modify or quash it.[5]  But, a party may also challenge a subpoena if they have a personal right or privilege with respect to the subject matter requested in the subpoena.[6]  The subpoena at issue here was served upon the Clara Abbot Foundation.  Accordingly, the party entitled to challenge the subpoena under Rule 45 is the Clara Abbot Foundation, unless Mohammed makes a showing that he has a personal right to be protected or that the records are subject to privilege.[7]  The court finds that Mohammed fails to make the necessary showing.  Mohammed has not established that

---

[2]  Mem. in Supp. p. 3, attached as exhibit A.

[3]  *Id.*

[4]  *See Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 688 (D.Kan. 1995).

[5]  *See id.; see also Kansas Health Care Ass'n Inc. v. Kansas Dep't of Social and Rehabilitation Services*, 1990 WL 255000 (D.Kan. 1990).

[6]  *See id.*

[7]  *See Smith*, 162 F.R.D. at 688.

any of the enumerated circumstances set forth in Rule 45 are applicable, or that any privilege applies. The court, therefore, finds that Mohammed's Motion to Quash must be denied.

Finally, even if Mohammed were able to assert some sort of privilege, it is very likely that the relevancy of the records at issue here would prevail. Mohammed filed this lawsuit claiming violations of his civil rights. Certainly, Clarke American is entitled to defend against Mohammed's allegations. Credibility will be an important issue in this case and the court finds that the records are relevant to Mohammed's credibility.[8] Mohammed's reply brief argues the weight of the records at issue but does little to refute their importance in a credibility determination.

Based on the foregoing, the court DENIES Mohammed's Motion to Quash.

DATED this ___29___ day of December, 2005.

BY THE COURT:

BROOKE C. WELLS
United States Magistrate Judge

---

[8] See Fed. R. Civ. P. 26(b)(1); see also Centurion Indus. Inc. v. Warren Steurer, 665 F.2d 323, 326 (10th Cir. 1981) (concluding that the broad relevancy standard in discovery matters was met).